# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MARK ANTHONY MORENO, | Case No. 1:11-cv-00784-SAB |
|---|---|
| Plaintiff, | ORDER SCREENING FIRST AMENDED COMPLAINT AND DISMISSING CLAIMS WITHOUT LEAVE TO AMEND |
| v. | |
| DAVID MEDINA, et al., | ECF NO. 27 |
| Defendants. | |

## I.

## INTRODUCTION

Plaintiff Mark Anthony Moreno ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint in this action on May 16, 2011. (ECF No. 1.) On July 3, 2013, the Court screened Plaintiff's original complaint and found that it failed to state any cognizable claims but gave the Plaintiff leave to amend his complaint. (ECF No 24.) On August 26, 2013, Plaintiff filed a First Amended Complaint. (ECF No. 27.) Plaintiff has consented to the jurisdiction of a United States Magistrate Judge for all purposes. (ECF No. 6.)

For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims. The Court further finds that Plaintiff's claims are not capable of being cured by further leave to amend and therefore the Court dismisses Plaintiff's claims without leave to amend.

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a

1  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).
2  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
3  legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or
4  that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §
5  1915(e)(2)(B).

6       A complaint must contain "a short and plain statement of the claim showing that the
7  pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
8  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
9  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
10 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate
11 that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.
12 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

13      Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
14 liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d
15 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be
16 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
17 that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss
18 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant
19 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
20 liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572
21 F.3d at 969.

22 **III.**
23 **PLAINTIFF'S COMPLAINT**

24      The events described in Plaintiff's First Amended Complaint took place while Plaintiff
25 was incarcerated at High Desert State Prison ("HDSP") and the California Correctional
26 Institution in Tehachapi, California ("CCI-Tehachapi").  Plaintiff names David Medina
27 (physician assistant), Brian Grimm (medical doctor) and James Hoag ("DDS") as defendants in
28 his First Amended Complaint (all defendants referred to collectively as "Defendants").

1    Plaintiff alleges that prison officials were deliberately indifferent toward his dental needs. On December 24, 2008, Plaintiff submitted an emergency dental request because of severe pain in one of his teeth. (First Am. Compl. 4.) On December 26, 2008, Plaintiff was seen by Defendant Hoag, who took an x-ray and told Plaintiff that the tooth needed to be extracted because it was cracked and infected. (First Am. Compl. 4.) Hoag told Plaintiff that he would need to get approval to perform the extraction due to Plaintiff's seizure history. (First Am. Compl. 4.) Hoag spoke with Defendant Medina, who said that Plaintiff would not receive approval for the extraction until Plaintiff received an MRI to verify Plaintiff's seizure history because there was nothing in Plaintiff's medical file pertaining to seizures. (First Am. Compl. 4-5.)

Plaintiff alleges that Medina could have given Plaintiff approval for the extraction or could have given Plaintiff an emergency MRI to determine Plaintiff's seizure history, but chose to do neither because Plaintiff "ha[s] a law suit in the courts on him." (First Am. Compl. 5.) Plaintiff contends that Medina was retaliating against Plaintiff. (First Am. Compl. 5.)

Plaintiff alleges that Hoag "had the power to get me the MRI or ask his supervisor for a[n] emergency clearance to take the cracked tooth out" but failed to do either. (First Am. Compl. 5.) Plaintiff does not allege why Hoag refused to perform the MRI or extraction.

In March 2009, while Plaintiff was incarcerated at CCI-Tehachapi, Plaintiff was seen by Defendant Grimm in the clinic. (First Am. Compl. 5.) Plaintiff told Grimm about the pain and swelling in his mouth. (First Am. Compl. 5.) Grimm told Plaintiff that he needed an MRI before receiving the extraction, and told Plaintiff to "toughen up" in the interim. (First Am. Compl. 5.)

Plaintiff wrote a letter to the Prison Law Office about his dental issues in March 2009. (First Am. Compl. 5.) Plaintiff contends that the Prison Law Office contacted the deputy attorney general "then all of a sudden Dr. Grimm gives the okay to take the tooth out." (First Am. Compl. 6.) Plaintiff contends that Grimm's sudden change of opinion evidences deliberate indifference. (First Am. Compl. 6.)

//

## IV.

## DISCUSSION

A. **Eighth Amendment Claims**

Plaintiff contends that Defendants violated his rights under the Eighth Amendment against cruel and unusual punishment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted). Second, "a prison official must have a 'sufficiently culpable state of mind.' [Citations.] In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. A prison official acts with "deliberate indifference" if:

> the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837.

"'Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). In order to rise to the level of deliberate indifference, plaintiff must allege "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "[A] mere 'difference of medical opinion ... [is] insufficient, as a matter of law, to establish deliberate indifference.'" Id. at 1058 (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)). "Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" Id. (quoting Jackson, 90 F.3d at 332).

Plaintiff does not allege any facts that directly challenge the genuineness of the prison

4

officials' initial opinion that an MRI was necessary before performing the tooth extraction. In other words, Plaintiff does not dispute that he had a history of seizures and does not contend that the prison officials were lying when they stated that it would be dangerous to perform a tooth extraction procedure in light of Plaintiff's seizure history. Plaintiff alleges that Defendant Grimm ultimately decided to perform the tooth extraction after the Prison Law Office intervened, but Plaintiff does not allege facts that plausibly support the conclusion that it was medically unacceptable under the circumstances to wait for an MRI before performing the tooth extraction. Plaintiff does not allege facts that plausibly support the conclusion that Hoag, Medina and Grimm all initially chose to wait for an MRI in conscious disregard of an excessive risk to Plaintiff's health. Accordingly, the mere fact that Defendants initially opted to wait for MRI results before performing the tooth extraction does not constitute deliberate indifference.

Plaintiff contends that Defendants acted with deliberate indifference by failing to order an "emergency" MRI. However, although Plaintiff's dental work was ultimately delayed for a total of 84 days, Plaintiff does not allege that any prison officials knew that the delay would be so long. Aside from Plaintiff's failure to allege facts which plausibly suggest that some form of expedited MRI process existed, Plaintiff fails to allege facts that demonstrate deliberate indifference because Plaintiff fails to allege that Defendants knew that the non-"emergency" MRI process would take as long as it did. Further, as noted in the prior screening order, the delay in treatment may have been caused in part by the fact that Plaintiff was transferred from HDSP to CCI-Tehachapi in the interim. Plaintiff fails to allege that Defendants knew of Plaintiff's transfer and should have acted differently. In sum, Plaintiff does not allege any facts which plausibly support the conclusion that Defendants were aware of any substantial risk of harm associated with delay when they chose to wait for MRI results through the normal, non-"emergency" process.

Based on the foregoing, Plaintiff fails to allege facts which support a cognizable Eighth Amendment claim against Defendants.

**B.     Retaliation Claim**

Plaintiff alleges that Defendant Medina was retaliating against Plaintiff for a lawsuit

5

Plaintiff filed against Medina. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2004). "Protected conduct" includes the First Amendment right to pursue civil rights litigation in the courts." Id. at 567.

Plaintiff fails to allege that Medina took "adverse action" against Plaintiff. Plaintiff contends that Medina refused to perform an "emergency" tooth extraction without waiting for MRI results, but Plaintiff fails to demonstrate how this chosen course of medical treatment was "adverse" to Plaintiff. As discussed above, Plaintiff does not allege that prison officials were lying when they stated that Plaintiff's seizure history may cause complications during the tooth extraction. Moreover, Medina followed the same course of treatment recommended by other medical officials from two separate prison facilities.

Plaintiff alternatively contends that Medina took "adverse action" against Plaintiff by failing to order an "emergency" MRI. As discussed above, Plaintiff does not allege any facts which plausibly suggest that any "emergency" or expedited process for obtaining MRIs existed. Moreover, Plaintiff does not allege any facts which plausibly suggest that Medina was aware that the normal, non-"emergency" process for obtaining MRIs would take as long as it did. Accordingly, Plaintiff fails to allege facts which plausibly support the conclusion that Medina deliberately acted adverse to Plaintiff by ordering a non-"emergency" MRI.

Finally, as discussed in the Court's prior screening order, Plaintiff fails to allege facts that plausibly support the conclusion that Defendant Medina took any action against Plaintiff "because of" Plaintiff's prior lawsuit. The Court previously noted that Plaintiff did not allege when his prior lawsuit was filed, what the subject of the lawsuit was, whether Medina was even aware of the prior lawsuit at the time of the events at issue in this lawsuit, or any other facts establishing a causal connection between the prior lawsuit and Medina's actions. Despite the Court's express identification of these deficiencies, Plaintiff did not allege any additional facts

establishing a causal connection between his prior lawsuit and Medina's actions.

Based upon the foregoing, the Court finds that Plaintiff fails to state any cognizable retaliation claims.

### C.     Leave To Amend

A claim must be dismissed with leave to amend, even if no request to amend the pleading was made, unless the Court determines that the pleading could not possibly be cured by the allegation of other facts.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Leave to amend may be denied if the plaintiff was previously informed of the deficiencies in his claims and fails to cure those deficiencies.  Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989).

Plaintiff was previously informed of the deficiencies in his claims.  Plaintiff's First Amended Complaint fails to cure the deficiencies previously identified.  Accordingly, the Court finds that these claims cannot possibly be cured by the allegation of other facts and these claims will be dismissed without leave to amend.

### V.
### CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state any cognizable claims.  The Court further finds that Plaintiff's claims are not curable by further amendment.  Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED, without leave to amend;
2. JUDGMENT is entered in favor of Defendants and against Plaintiff; and
3. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:  **August 28, 2013**

UNITED STATES MAGISTRATE JUDGE